# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID PLASENCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76284

**FILED**

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Yarra
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying David Plasencia's postconviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Relying on NRS 209.4465(7)(b) and *Williams v. Nevada Department of Corrections*, 133 Nev., Adv. Op. 75, 402 P.3d 1260 (2017), Plasencia asserted that the credits he earns under NRS 209.4465 must be applied to the minimum term of his sentence, thus advancing the date that he is eligible for parole.  The district court disagreed, concluding that Plasencia was serving an aggregated term for two category B felonies (trafficking in a controlled substance in violation of NRS 453.3385(1)(b) and assault with a deadly weapon in violation of NRS 200.471(2)(b)) that were committed after the effective date of the 2007 amendments to NRS 209.4465 and therefore NRS 209.4465(8)(d) precludes respondent from applying Plasencia's statutory credits to the minimum term of his aggregated sentence.

Having reviewed the record, we find no error in the district court's decision.  Contrary to Plasencia's arguments below, this court did

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument.  NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

M-07839

not decide in *Williams* that NRS 209.4465(8) is meaningless; rather, this court simply acknowledged that some parts of subsection 8 likely were not necessary given the language in NRS 209.4465(7)(b) but "most of the provisions [in subsection 8] set additional limitations on the application of credits to eligibility for parole that were not previously covered in subsection 7(b)." *Williams*, 133 Nev., Adv. Op. 75, 402 P.3d at 1264 n.6 (noting NRS 209.4465(8)'s limitation on NRS 209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments). And we are not persuaded by Plasencia's arguments below that the 2007 amendments to NRS 209.4465 violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Accord Vickers v. Dzurenda*, 134 Nev., Adv. Op. 91 at 3-8 (Ct. App. 2018) (discussing and rejecting equal-protection challenge to 2007 amendments to NRS 209.4465). Based on the date of the offenses in this case, NRS 209.4465(8) applies. And that statute precludes respondent from applying Plasencia's statutory credits to the minimum term of his aggregated sentence because he was convicted of category B felonies. We therefore

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.                    _____ , J.
Parraguirre                                      Cadish

cc:   Hon. Linda Marie Bell, Chief Judge
      David Plasencia
      Attorney General/Las Vegas
      Eighth District Court Clerk